IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| BRUCE WAYNE HOUSER, | § | |
| TDCJ-CID # 460890, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-06-0106 |
| | § | |
| KENNETH W. McELVEEN, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Bruce Wayne Houser, a prison inmate assigned to the Stiles Unit of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a prisoner civil rights complaint against officials in Jackson County Texas. He has also filed an Application to Proceed In Forma Pauperis. Pursuant to the provisions of the Prison Litigation Reform Act (PLRA), this action will be dismissed because it is frivolous and because Houser has filed at least three frivolous prisoner complaints or appeals and is barred from filing any more civil rights complaints without paying the fee in advance. 28 U.S.C. § 1915(g).

**I. Claims and Allegations**

Houser claims that he has been denied access to the courts by Jackson County Clerk Kenneth W. McElveen, Assistant County Clerk Barbara Vanacek, Jackson County District Court Clerk, Sharon Whitley Mathis, the Court's Master for the 135th State District Court, and Jackson County, Texas. Houser's claims concern his unsuccessful attempt to probate his father's will. He alleges that he attempted to probate the will in Jackson County but was rejected because he failed to pay the

filing fee. He indicates that he filed an affidavit that would have authorized the filing of the probate action based on his inability to pay but this too was rejected.

Houser then alleges that he attempted to file a Writ of Mandamus in the Jackson County District Clerk's Office but the District Clerk prevented him from doing so. He further alleges that the court clerks made false statements that he sought appointment of himself as executor of the estate. Under Texas law, Houser cannot serve as an estate's executor or administrator because he is a convicted felon. *See* TEX. PROB. CODE § 78 (Vernon 2003). He also complains of lack of notice regarding settings as well as the status of his state proceedings.

Houser contends that the defendants' actions resulted in the illegal depletion of his father's estate. He alleges that if his probate application had been accepted, an attorney ad litem would have been appointed by the court and would have been compensated by the estate. Houser seeks compensation for the legal injuries and psychological harm that he has suffered.

## II. Analysis - Frivolous Claim

A prison inmate's right of access to court is protected by the Constitution and he is entitled to have access either to an adequate law library or to adequate legal assistance by trained personnel. *Bounds v. Smith*, 97 S.Ct. 1491, 1498 (1977). However, this right is subject to limitations and it does not intend to enable a prisoner to file any lawsuit that he may desire regardless of the subject matter. *See Lewis v. Casey*, 116 S.Ct. 2174, 2182 (1996) ("In other words, *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.").

Houser complains about not being allowed to file a probate action which he would not have any authority over under the Texas Probate Code. He has failed to show that he has any actionable

2

interest in the proceeding or in his father's estate. Consequently, his claim has no legal basis because he has not shown how he was harmed by the court clerks' alleged actions. *Ruiz v. United States.*, 160 F.3d 273, 275 (5th Cir. 1998).

The allegations do not contain any hard facts which indicate any malice on the part of court personnel. The responses from the clerks are facially in compliance with Texas law. If an error was made, it is the result of negligent acts or omissions which are insufficient to establish a claim of denial of access to the courts. *Simkins v. Bruce*, 406 F.3d 1239, 1242 (10th Cir. 2005); *Wilson v. Meeks*, 52 F.3d 1547, 1558 (10th Cir. 1995), *citing Davidson v. Cannon*, 106 S.Ct. 668 (1986). Moreover, the claim is legally baseless because the clerks' refusal to file the probate proceeding due to clear deficiencies does not implicate a constitutional or federal statutory right. *Able v. Bacarisse*, 131 F.3d 1141 (5th Cir. 1998). Consequently, this action is dismissible because it is frivolous. 28 U.S.C. § 1915(e); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

### III. Barred Under 28 U.S.C. § 1915(g)

According to the United States Case/Party Index (https://pacer.uspci.uscourts.gov), Houser has had at least twelve prisoner civil rights actions filed in the federal district courts of Texas. At least two of these actions have been dismissed as frivolous. *Houser v. Mooneyham*, No. 6:99cv370 (W.D. Tex. Dec. 27, 2000); *Houser v. Armstrong*, No. 6:98cv239 (W.D. Tex. Mar. 30, 1999). Houser appealed both dismissals; the Fifth Circuit dismissed both appeals as frivolous. *Houser v. Mooneyham*, No. 01-50112 (5th Cir. Aug. 22, 2001); *Houser v. Armstrong*, No. 99-50387 (5th Cir. Feb. 11, 2000). A third prisoner civil rights appeal filed by Houser was also dismissed as frivolous. *Houser v. Parker*, (5th Cir. Oct. 31, 2003).

Barring a show of imminent danger, under the Prison Litigation Reform Act of 1995, a prisoner may not file an action without prepayment of the filing fee, if he has, on three or more prior occasions, filed a prisoner action in federal district court or an appeal in a federal court of appeals which was dismissed as frivolous or malicious.  28 U.S.C. § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996).  There is no indication that Houser has been recently subjected to any violence or that he is currently at risk of serious harm.  Moreover, Houser is incarcerated at a prison unit outside of Jackson County and has no contact with any of the named defendants.  In light of the pleadings and his litigation history, Houser has failed to show that he is eligible to proceed as a pauper.   Therefore, this action may be dismissed pursuant to 28 U.S.C. § 1915(g).

## IV. Third Party Motion to Pay Fee

Grace Arras has filed a motion (Docket Entry No. 9) seeking permission to pay the filing fee, in installments, for Houser.  Arras acknowledges that Houser has three or more complaints or appeals which have been dismissed for failure to state a claim and that Houser cannot show that he is presently in any danger.  Nonetheless, she asks the court to allow her to bear the cost of the court's filing fees.  She has included a money order for $ 50.00 and proposes a payment plan of $ 30.00 per month until the entire filing fee is paid.

The primary purpose behind the enactment of the PLRA is to deter frivolous prisoner litigation. *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998).  Houser must pay the fee because it is Houser who has filed the complaint.  *See Hatchet v. Nettles*, 201 F.3d 651 (5th Cir. 2000); *Newlin v. Helman*, 123 F.3d 429 (7th Cir. 1997). Although Arras may have good intentions, allowing her to pay the filing fee in installments would enable Houser to circumvent the

PLRA provisions and defeat their intent. *See Patton*, 136 F.3d at 464. Therefore, the motion will be **DENIED**.

### V. Conclusion

The court **ORDERS** the following:

1. This action is **DISMISSED** because it is frivolous and because the plaintiff is barred from filing prisoner civil rights complaints without paying the fee in advance. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915(g).

2. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **DENIED**.

3. The Motion for Permission to Allow Third Party to Pay (Docket Entry No. 9) is **DENIED**.

4. The Clerk shall return the money order to Grace Arras.

5. The Clerk will provide a copy of this Memorandum Opinion and Order to the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and the District Clerk for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** on this 31st day of January, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE